## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT REYNOLDS,
Plaintiff,

vs.

C.O. HUTCHINSON, et. al,
Defendants.

Case No. 1:19-cv-952

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court.

On February 18, 2020, the undersigned issued an Order and Report and Recommendation finding that this action should proceed on plaintiff's Eighth Amendment claims against defendants Hutchinson and Evans. (Doc. 5). It was recommended that the remaining claims in the complaint be dismissed for failure to state a claim upon which relief may be granted. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Because plaintiff failed to provide service copies of the complaint or completed summons and United States Marshal forms for defendants Hutchinson and Evans, plaintiff was ordered to provide the copies and forms within thirty (30) days. (*Id.*).

To date, plaintiff has not complied with the Order of the Court. He has instead filed a motion to amend the complaint to include additional defendants. (Doc. 7). Plaintiff's motion is hereby **GRANTED.**

This matter is now before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In the amended complaint plaintiff seeks to add Warden Ron Erdos and Major Garry Galloway as defendants. (*See* Doc. 7). Plaintiff seeks to hold these defendants liable because they were the acting supervisors at the time of the allegations made in the original complaint. Plaintiff's claims against the defendants Erdos and Galloway rest on a theory of *respondeat superior*, which does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has not made any factual allegation against defendants Erdos or Galloway aside from his claim that they were the acting supervisors at the time of the incident alleged in the original complaint. The mere fact that defendants hold supervisory positions at SOCF is not enough to impose liability under section 1983.

Accordingly, consistent with the Court's February 18, 2020 recommendation, plaintiff may proceed in this action with this Eighth Amendment claims against defendants Hutchinson and Evans. (*See* Doc. 5). Plaintiff's remaining claims—including those in the amended complaint against defendants Erdos and Galloway—should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE RECOMMENDED THAT:**

The amended complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment claims against defendants Hutchinson and Evans.

**IT IS THEREFORE ORDERED THAT:**

Within **thirty (30) days** of the receipt of this Order, plaintiff is **ORDERED** to submit service copies of the complaint, as well as completed summons and United States Marshal forms for defendants Hutchinson and Evans.


Date:___3/19/20202_____          _____*s/Karen L. Litkovitz*_____
                                      Karen L. Litkovitz
                                      United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT REYNOLDS,
    Plaintiff,

vs.

C.O. HUTCHINSON, et. al,
    Defendants.

Case No. 1:19-cv-952

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).