# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ROBERT REYNOLDS, <br>     Plaintiff, | Case No. 1:19-cv-952 |
| vs. | Black, J. <br> Litkovitz, M.J. |
| C.O. HUTCHINSON, et. al, <br>     Defendants. | **ORDER AND REPORT <br> AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court.

On February 18, 2020, the undersigned issued an Order and Report and Recommendation finding that this action should proceed on plaintiff's Eighth Amendment claims against defendants Hutchinson and Evans. (Doc. 5). It was recommended that the remaining claims in the complaint be dismissed for failure to state a claim upon which relief may be granted. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

On March 12, 2020, plaintiff filed a motion to amend his complaint. (Doc. 7). The Court granted the motion on March 20, 2020. It was again recommended that the complaint, as amended, be dismissed with prejudice with the exception of plaintiff's Eighth Amendment claims against defendants Hutchinson and Evans. (Doc. 9).

Plaintiff has now filed a number of additional motions, including a motion for an extension of time, two motions for leave to proceed *in forma pauperis*, a motion to appoint counsel, and a second motion to amend the complaint. (Doc. 10, 13, 14, 15, 16). Plaintiff has already been granted leave to proceed *in forma pauperis* in this action (*see* Doc. 4); accordingly, his motions seeking pauper status are **DENIED** as moot. (Doc. 14, 15).

In the motion for an extension of time, plaintiff seeks an extension to provide summons forms for the defendants named in the complaint and amended complaint.  Plaintiff has already provided the necessary forms for service in this case.  Accordingly, his motion for an extension of time is also **DENIED as moot**.  (Doc. 13).

With respect to plaintiff's motions for the appointment of counsel, the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs.  The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.  *Id*. at 605-06.  *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation.  No such circumstances appear in this case.  Plaintiff's motions for appointment of counsel (Doc. 6, 10) are therefore **DENIED**.

Finally, plaintiff's second motion to amend his complaint is **GRANTED.**  (Doc. 16).  This matter is now before the Court for a *sua sponte* review of the complaint, as amended, to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In the original complaint filed with the Court, plaintiff named "medical" as a defendant to this action. (*See* Doc. 5 at PageID 34, n.1). Plaintiff claimed that he suffered a broken arm in the July 20, 2019 altercation giving rise to his Eighth Amendment claims against defendants Hutchinson and Evans. (*See* Doc. 1 at PageID 5). He further alleged in the original complaint that he was denied medical treatment following the incident. Because a state medical department is not a person subject to suit under § 1983, it was recommended that defendant "medical" be dismissed as a party to this action. (Doc. 5 at PageID 37–38).

In the second amended complaint, plaintiff names Lt. Osbourne, Ms. Rayburn, and HCA Ms. Goodman as additional defendants.[1] Plaintiff alleges that following the July 20, 2019 incident—during which he claims defendant Hutchinson entered his cell and punched him in this head and chest and defendant Evans hit him with a stick in his arms, legs, hands, and back—he was escorted to medical by defendants Lt. Osbourne and Ms. Rayburn. (Doc. 16 at PageID 86–87). According to plaintiff, Osbourne and Rayburn denied him medical treatment for his injuries. (*Id.* at PageID 87). Plaintiff further alleges that he was pushed into an elevator and punched in the face by Osbourne and other officers. Plaintiff claims that Osbourne told him if he said anything Osbourne would break plaintiff's jaw.

Consistent with the February 18, 2020 and March 20, 2020 Report and Recommendations (Doc. 5, 9), plaintiff may proceed in this action against defendants Hutchinson and Evans. Based on the allegations contained in the second amended complaint, plaintiff may also proceed with his claims against defendants Osbourne and Rayburn. However, the complaint should be dismissed against HCA Goodman for failure to state a claim upon which relief may be granted.

---

[1] It is recommended in the March 20, 2020 Order and Report and Recommendation that defendants Erdos and Galloway be dismissed as parties to this action. (*See* Doc. 9). To the extent that plaintiff intends to name these individuals as defendants in the second amended complaint, his claims against these defendants should be dismissed for the reasons stated in the March 20, 2020 Order and Report and Recommendation.

*See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  Although plaintiff names Goodman as a defendant to this action, the complaint does not include any factual allegations against this defendant. Accordingly, the second amended complaint should be dismissed against HCA Goodman.

### IT IS THEREFORE RECOMMENDED THAT:

The complaint, as amended, complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claims against defendants Hutchinson, Evans, Osbourne, and Rayburn.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's motions to appoint counsel (Doc. 6, 10), motion for an extension of time (Doc. 13), and motions for leave to proceed *in forma pauperis* (Doc. 14, 15) are **DENIED.**

2. Plaintiff's second motion to amend (Doc. 16) is **GRANTED.**

3. The United States Marshal shall serve a copy of the complaint, second amended complaint, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Osbourne and Rayburn as directed by plaintiff, with costs of service to be advanced by the United States.

4. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

5. Plaintiff shall inform the Court promptly of any changes in his address which may

occur during the pendency of this lawsuit.

                                              Karen L. Litkovitz
                                              United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

ROBERT REYNOLDS,  
    Plaintiff,

vs.

C.O. HUTCHINSON, et. al,  
    Defendants.

Case No. 1:19-cv-952

Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6