UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROBERT REYNOLDS,<br>    Plaintiff, | Case No. 1:19-cv-952 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| C.O. HUTCHINSON, et. al,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. This matter is before the Court on plaintiff's third motion to amend (Doc. 23) and third motion to appoint counsel (Doc. 22).

For the reasons previously given in denying plaintiff's prior motions to appoint counsel (*see* Doc. 20), plaintiff's motion for counsel (Doc. 23) is **DENIED.**

Plaintiff's third motion to amend his complaint should also be denied. In the Court's May 11, 2020 Order and Report and Recommendation, it has been recommended that the complaint be dismissed against defendant HCA Goodman on the basis that plaintiff failed to make any factual allegations against this defendant. (*See* Doc. 20 at PageID 157–58). In the third motion to amend plaintiff indicates that he wishes to hold Goodman liable because of her supervisory position over defendant Rayburn. (Doc. 23 at PageID 168). However, as noted in the Court's March 20, 2020 Order and Report and Recommendation, "[section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that

Goodman is a supervisor is not enough to impose liability under section 1983. Accordingly, plaintiff's third motion to amend his complaint (Doc. 23) should be **DENIED**.[1]

Plaintiff is advised that no further motions to amend will be considered until the Court has ruled on the Report and Recommendations currently pending in this case.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's third motion to amend (Doc. 23) be **DENIED.**

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's motion to appoint counsel (Doc. 22) is **DENIED.**

Date: May 19, 2020

Karen L. Litkovitz
United States Magistrate Judge

---

[1] The motion to amend also includes a request for an extension of time so that plaintiff can provide service documents for defendants Rayburn, Goodman, and Osbourne. (*See* Doc. 22 at PageID 168). However, service has already been issued on defendants Rayburn and Osbourne. (*See* Doc. 21). For the reasons discussed here and in the May 11, 2020 Order and Report and Recommendation, Goodman should be dismissed as a defendant to this action.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ROBERT REYNOLDS,<br>　　Plaintiff, | Case No. 1:19-cv-952 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| C.O. HUTCHINSON, et. al,<br>　　Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).