# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT REYNOLD, | : | Case No. 1:19-cv-952 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| C.O. Hutchinson, *et al.*, | : | |
| Defendants. | : | |

# DECISION AND ENTRY
# ADOPTING THE REPORTS AND RECOMMENDATIONS
# OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 17, 21)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on February 18, 2020, submitted a Report and Recommendation (the "First R&R"). (Doc. 5). Plaintiff Robert Reynolds did not file any objections to the First R&R. On March 20, 2020 the Magistrate Judge submitted a second Report and Recommendation (the "Second R&R"). (Doc. 9). Again, Plaintiff filed no objections.

Subsequently, Plaintiff filed an amended complaint. (Doc. 19).[1] On May 11, 2020, the Magistrate Judge submitted a third Report and Recommendation (the "Third R&R"). (Doc. 20). Plaintiff filed no objections to the Third R&R. On May 19, 2020,

---

[1] The amended complaint (Doc. 19) in this action supersedes the original complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013).

the Magistrate Judge submitted a fourth Report and Recommendation (the "Fourth R&R"). (Doc. 24). Plaintiff filed timely objections to the Magistrate Judge's Fourth R&R on May 28, 2020. (Doc. 25).

Here, Plaintiff's objections do not identify any errors in the Reports and Recommendations. Instead, Plaintiff seems to disagree with the Magistrate Judge's finding in the Third R&R that claims against HCA Goodman should be dismissed, and the Fourth R&R's recommendation that Plaintiff's third motion to amend his complaint be denied.[2]

In Plaintiff's third motion to amend his complaint, he attempts to hold HCA Goodman liable for her supervisory position over Defendant Rayburn. (Doc. 23). In the Third R&R, the Magistrate Judge recommended dismissing all claims against Goodman because Plaintiff failed to make any factual allegations against Goodman. Moreover, the Magistrate Judge correctly found that § 1983 liability for supervisors must be based on more than the right to control employees, and that § 1983 liability is premised on active unconstitutional behavior, not just failure to act. (Doc. 20 at 3–4). In the Fourth R&R, the Magistrate Judge reiterated that Plaintiff's claims against Goodman failed and therefore recommended denying Plaintiff's third motion to amend complaint. (Doc. 24).

---

[2] It appears that Plaintiff also objects to Magistrate Judge's recommendation that claims against Warden Ron Erdos and Major Garry Galloway be dismissed. (*See* Doc. 9 at 2). The Court finds that the Magistrate Judge properly found that the "mere fact that [Warden Erdos and Major Galloway] hold supervisory positions at SOCF is not enough to impose liability under section 1983." (*Id.*). Accordingly, the Second R&R correctly recommended dismissing Plaintiff's claims against Warden Erdos and Major Galloway.

The Court agrees with the Magistrate Judge's reasoning in dismissing all claims against Goodman and denying Plaintiff's third motion to amend the complaint.

Over the four Reports and Recommendations, the Magistrate Judge has thoroughly reviewed and analyzed Plaintiff's claims. The Magistrate Judge has properly concluded that all of Plaintiff's claims should be dismissed with the exception of Plaintiff's claims against Defendants Hutchinson, Evans, Osbourne, and Rayburn.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court determines that Plaintiff's objections (Doc. 25) should be and are hereby **OVERRULED**, and further determines that such Reports and Recommendations (Docs. 5, 9, 20, 24) should be and are hereby **ADOPTED** in their entirety.

Accordingly, for the reasons stated above:

1) Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), Plaintiff's amended complaint (Doc. 19) is **DISMISSED with prejudice**, with the exception of Plaintiff's claims against Defendants Hutchinson, Evans, Osbourne, and Rayburn.

2) Plaintiff's third motion to amend (Doc. 23) is **DENIED**.

**IT IS SO ORDERED.**

Date: 8/28/2020 　　　　　　　　　　　　　　　 */s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge