## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT REYNOLDS,                                   Case No. 1:19-cv-952
          Plaintiff,                               Black, J.
                                                   Litkovitz, M.J.
          vs.

C.O. HUTCHINSON, et al.,                           **ORDER**
          Defendants.

Plaintiff, an inmate at the Southern Ohio Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights by prison employees. This matter is before the Court on several of plaintiff's pretrial motions. (Docs. 26, 29, 32, 33, 34).

## I. Background

As background, in February 2020, this Court granted plaintiff's motion for leave to proceed *in forma pauperis.* The Court conducted a *sua sponte* review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and dismissed plaintiff's complaint with prejudice, with the exception of his Eighth Amendment claims against defendants Hutchinson and Evans. (Doc. 5). Plaintiff then moved to file an amended complaint to include additional defendants. (Doc. 7). In March 2020, the Court granted plaintiff's motion to amend and conducted a *sua sponte* review of the amended complaint, recommending that plaintiff may proceed in this action with his Eighth Amendment claims against defendants Hutchinson and Evans. (Doc. 9). Thereafter, plaintiff filed a second amended complaint to include additional defendants, including some of the defendants that the Court dismissed upon a *sua sponte* review of the first amended complaint. (Doc. 19). In May 2020, the Court conducted a *sua sponte* review of the second amended complaint and recommended that plaintiff's complaint be

dismissed with prejudice with the exception of plaintiff's claims against defendants Hutchinson, Evans, Osbourne, and Rayburn. (Doc. 20). Therefore, the second amended complaint remains the operative complaint in this matter. (Doc. 19).[1]

## II. Pending Motions (Docs. 26, 29, 32, 33, 34)

Plaintiff's first motion includes a declaration where plaintiff requests the Court's support to obtain documents and evidence in support of his claims, including video footage from the July 20, 2019 incident that forms the basis for his claims, the medical exam report from July 20, 2019, and the use of force report from July 20, 2019. (Doc. 26 at 2). Plaintiff also appears to request SOCF policies and rules regarding the use of force. (*Id.* at 3).[2] Plaintiff is advised that he must serve his discovery requests on defendants and their counsel rather than file them with the Court. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . ."). Accordingly, plaintiff's motion (Doc. 26) is **DENIED**.

Plaintiff's second and fifth motions request transcripts from oral arguments. (Docs. 29, 34). Plaintiff does not specify the oral arguments for which he seeks transcripts. To the extent plaintiff seeks transcripts from the August 7, 2019 SOCF Serious Misconduct Panel hearing (*See* Doc. 26 at 13), plaintiff must request these transcripts from defendants rather than file requests with the Court. Accordingly, plaintiff's motions for transcripts (Docs. 29, 34) are **DENIED**.

Plaintiff's third and fourth motions request x-rays of the left arm, left and right wrists, and left and right legs. (Docs. 32, 33). Plaintiff states that he did not receive x-rays following

---

[1] Plaintiff's motion to file a third amended complaint was denied by the Court in May 2020. (Docs. 24, 39).
[2] Plaintiff's motion also includes SOCF conduct reports and a disposition of the grievance filed by plaintiff. These documents appear in the motion as official SOCF records, as well as handwritten by plaintiff. (Doc. 26 at 4-13). Plaintiff alleges that these records validate his claims against defendants. To the extent plaintiff wants to use these records in support of his claims, he must file a dispositive motion explaining the legal and factual bases for why these records support his claims. Or, plaintiff can submit these records in opposition to any dispositive motion that defendants may file. The Court cannot speculate on the validity of these records or grant or deny any relief without an explanation asserted by plaintiff.

2

the July 11, 2019 use of force incident, which he calls a "crime." (Doc. 32 at 1). As a neutral arbiter of plaintiff's Eighth Amendment claims, the Court cannot require defendants to conduct medical x-rays. To the extent plaintiff's request for x-rays can be construed as seeking injunctive relief for defendants' alleged failure to pursue a particular course of medical treatment, plaintiff has failed to establish a likelihood of success on the merits on his Eighth Amendment claims. *See Leary v. Daescher*, 228 F.3d 729, 736 (6th Cir. 2000) (listing the factors that a Court must balance when considering requests for injunctive relief). "The question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Thus, defendants' alleged failure to conduct x-rays is not enough to establish an Eighth Amendment violation and warrant injunctive relief. Plaintiff's motions for x-rays (Docs. 32, 33) are denied.

## III. Conclusion

Based on the foregoing reasons, it is **ORDERED** that:

1. Plaintiff's discovery motion (Doc. 26) is **DENIED**.

2. Plaintiff's motions for transcripts (Docs. 29, 34) are **DENIED**.

3. Plaintiff's motions for x-rays (Docs. 32, 33) are **DENIED**.

**IT IS SO ORDERED.**

Date: 10/8/2020

Karen L. Litkovitz
United States Magistrate Judge