UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT REYNOLDS,   Case No. 1:19-cv-952
   Plaintiff,   Cole, J.
      Litkovitz, M.J.

vs.

C.O. HUTCHINSON, *et al*.,   **REPORT AND**
   Defendants.   **RECOMMENDATION**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his civil rights. (Doc. 1). On February 18, 2020, plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 4). On that same day, the undersigned conducted a *sua sponte* review of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and dismissed plaintiff's complaint with prejudice, with the exception of his claims against defendants Hutchinson and Evans under the Eighth Amendment. (Doc. 5).

On March 12, 2020, plaintiff filed a motion to amend his complaint. (Doc. 7). The Court granted plaintiff's motion on March 20, 2020 and recommended that the complaint, as amended, be dismissed with prejudice with the exception of plaintiff's Eighth Amendment claims against defendants Hutchinson and Evans. (Doc. 9). The Court ordered service of process on defendants Hutchinson and Evans. (Doc. 11).

On April 13, 2020, plaintiff filed a second motion to amend his complaint. (Doc. 16). The Court recommended that the complaint, as amended, be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's claims against defendants Hutchinson, Evans, Osbourne, and Rayburn. (Doc. 20). The Court ordered service of process on defendants Osbourne and Rayburn and informed plaintiff to promptly notify the Court of any changes in his address which may occur during the pendency of this lawsuit. (*Id.*).

On March 15, 2021, defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Doc. 55). Plaintiff was notified that failure to respond to the motion within twenty-one days of receipt thereof may be cause for the Court to consider dismissal for failure to prosecute. (Doc. 56). On March 24, 2021, mail from the Court addressed to plaintiff was returned by the Post Office marked "RETURN TO SENDER," "REFUSED," and "UNABLE TO FORWARD." (Doc. 58). There was a notation on the envelope that plaintiff was "Released." (*Id.*).

On April 21, 2021, the Court issued an Order to plaintiff to show cause, in writing and within 15 days of the date of its Order, why the Court should not dismiss this case for failure to comply with a court order and lack of prosecution. (Doc. 59). The Order notified plaintiff that failure to comply with the terms of the Order could result in a recommendation to the District Judge that this action be dismissed. (*Id.*). On May 3, 2021, the Order sent to plaintiff was returned by the Post Office marked "RETURN TO SENDER," "REFUSED," and "UNABLE TO FORWARD." (Doc. 60). There was a notation on the envelope that plaintiff was "Paroled." (*Id.*). To date, more than 15 days later, plaintiff has not filed a response to the Order to Show Cause.

"Federal courts possess certain 'inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, __ U.S. __, 137 S.Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Plaintiff's failure to respond to the Court's Orders warrants exercise of the Court's inherent power and dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute this matter. *See Link*, 370 U.S. at 630-31; *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991).

## IT IS THEREFORE RECOMMENDED THAT:

1. This case be **DISMISSED** with prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 5/25/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT REYNOLDS,
    Plaintiff,

vs.

C.O. HUTCHINSON, *et al*.,
    Defendants.

Case No. 1:19-cv-952
Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).